

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-51,612-02

## EX PARTE VIRGILIO MALDONADO

## ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE
## NO. 721568-B IN THE 338TH DISTRICT COURT
## HARRIS COUNTY

*Per Curiam. Alcala, J., not participating.*

## O P I N I O N

In October 1997, a jury found applicant guilty of the offense of capital murder. The

jury answered the special issues submitted under Article 37.071 of the Texas Code of

Criminal Procedure, and the trial court, accordingly, set punishment at death. This Court

affirmed the conviction and sentence on direct appeal. *Maldonado v. State*, 998 S.W.2d 239

(Tex. Crim. App. 1999). Applicant filed his initial writ application in the trial court in

February 1999, and this Court denied relief on March 6, 2002. *Ex parte Maldonado*, No.

WR-51,612-01 (Tex. Crim. App. March 6, 2002)(not designated for publication). Applicant filed a subsequent writ application in the trial court in June 2003 in which he raised a claim that his execution was barred because he was mentally retarded. *See Atkins v. Virginia,* 536 U.S. 304 (2002). We determined that the claim met the requirements of Article 11.071, § 5, and remanded it to the trial court for consideration. *Ex parte Maldonado*, No. WR-51,612-02 (Tex. Crim. App. July 2, 2003)(not designated for publication). The record was subsequently sent to this Court, the Court reviewed it, and, based upon the testimony of the State's expert witness, Dr. George Denkowski, we denied relief. *Ex parte Maldonad*o, No. WR-51,612-02 (Tex. Crim. App. Sept. 12, 2007)(not designated for publication).

Subsequently, in April 2011, Denkowski entered into a Settlement Agreement with the Texas State Board of Examiners of Psychologists, in which his license was "reprimanded." Pursuant to this Settlement Agreement, Denkowski agreed to not accept any engagement to perform forensic psychological services in the evaluation of subjects for mental retardation or intellectual disability in criminal proceedings. Applicant thereafter submitted a suggestion that this Court "reconsider on its own initiative" its denial of his *Atkins* claim in the -02 writ application. On April 25, 2012, we exercised our authority to reconsider the -02 writ application on our own initiative, and we remanded it to allow the trial court the opportunity to re-evaluate its initial findings, conclusions, and recommendation in light of the Denkowski Settlement Agreement. *Ex parte Maldonad*o, No. WR-51,612-02 (Tex. Crim. App. April 25, 2012)(not designated for publication).

Following a new hearing, the trial court entered findings of fact and conclusions of law on December 12, 2012, and recommended that relief be granted. We have reviewed the record and the December 12, 2012 findings of fact and conclusions of law. We adopt the trial court's findings and conclusions except for finding numbers 102 through 107. Based upon the trial court's findings and conclusions and our own review, we grant relief on the -02 writ application and reform the trial court's judgment to reflect a sentence of life imprisonment.

Delivered: May 22, 2013

Do Not Publish